**AETNA CASUALTY AND SURETY COMPANY, Plaintiff,**

v.

**The FATTY MASHER'S CORPORATION and Joseph Masher, Defendants.**

**Nos. 2:96–CV–310, 2:96–CV–333.**

United States District Court, D. Vermont.

Feb. 5, 1997.

Samuel Hoar, Jr., Dinse, Erdmann, Knapp & McAndrew, Burlington, VT, David O. Brink, Smith & Brink, P.C., Quincy, MA, for Aetna Casualty and Surety Company.

Steven Paul Robinson, Diamond & Associates, P.C., Montpelier, VT, for Fatty Masher's Corporation, Joseph Masher, Jennie Masher.

## OPINION AND ORDER

SESSIONS, District Judge.

This is an action for declaratory judgment and money damages arising out of an insurance policy dispute. Defendant Fatty Masher's Corporation ("Masher"), of which Defendant Joseph Masher is president, owned a restaurant known as Joseph's Hideaway. Masher held an insurance policy for the property with Plaintiff Aetna Casualty and Surety Company ("Aetna"), which included coverage for fire loss. The restaurant was substantially damaged in a fire on May 21, 1996, and Masher subsequently submitted a claim for recovery under the insurance policy. Aetna denied the claim on the ground that the fire was the result of arson attributable to Joseph Masher.

Aetna subsequently filed suit against Masher and Joseph Masher individually. The Amended Complaint alleges three counts: a request for declaratory judgment; breach of contract by Masher; and fraud and deceit committed by Joseph Masher. Masher, Joseph Masher, and Jennie Masher (also an officer of Masher), have filed their own Complaint against Aetna in *Fatty Masher's Corp. et al. v. Aetna Casualty & Surety Co.*, Docket No. 2:96–CV–333, alleging: a request for declaratory judgment; bad faith; breach of contract; and breach of implied covenant of good faith and fair dealing.

Because the two cases involve common questions of law and fact, and in the interest of judicial economy, the two cases are consolidated under Docket No. 2:96–CV–310. *See* Fed.R.Civ.P. 42.

Pending before the Court is Masher's Motion to Dismiss the Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) and 9(b), for lack of particularity with regard to the fraud claim. Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading requirement serves four purposes: "(1) to provide a defendant with fair notice of plaintiff's claim, (2) to safeguard a defendant's reputation from 'improvident charges of wrongdoing' and (3) to protect against the institution of a strike suit." *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir.1996) (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir.1995)). In order to meet the particularity requirement, the complaint must "(1) detail the statements (or omissions) that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Id.* (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994); *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990)).

Aetna's Amended Complaint meets each of these requirements. Aetna has identified in sufficient detail the statements it alleges to be fraudulent, including, *inter alia*, false proofs of loss and false swearing in examinations. The speaker is identified as either Masher (of which Joseph Masher was the president and sole employee) or as Joseph Masher. The dates of these allegedly fraud-

ulent statements and the places they were made have been provided, and Aetna has clearly demonstrated why the statements, if true, are fraudulent.

Based on the foregoing analysis, Defendant's Motion to Dismiss the Amended Complaint (Paper No. 19) is hereby DENIED.[1] In addition, the present case and *Fatty Masher's Corp. et al. v. Aetna Casualty & Surety Co.*, Docket No. 2:96–CV–333, are hereby CONSOLIDATED under Docket No. 2:96–CV–310.

---

1. In addition to the Motion to Dismiss Aetna's Amended Complaint in the present case, Masher, Joseph Masher and Jennie Masher filed a motion to dismiss Aetna's counterclaims in *Fatty Masher's Corporation et al. v. Aetna Casualty and Surety Co.*, Docket No. 2:96–CV–333. Because Aetna's counterclaims in that case are identical to the claims in the present case (Docket No. 2:96–CV–310), Masher's motions to dismiss are also identical. Therefore, Masher's Motion to Dismiss Aetna's Counterclaims (Paper No. 6, Docket No. 2:96–CV–333) is DISMISSED for the same reasons as is Masher's Motion to Dismiss Aetna's Amended Complaint.